UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

CARLOS AGUIRRE,

        Petitioner,

  -v-                                      No.  07 Civ. 10392 (LTS)(THK)

J.M. KILLIAM,

        Respondent.

--------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

        On November 5, 2007, while incarcerated at the Federal Correctional Institution in Otisville, New York ("FCI Otisville"), Carlos Aguirre ("Mr. Aguirre" or "Petitioner"), proceeding *pro se*, filed in this Court the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Docket entry no. 1).  In his Petition, Mr. Aguirre asserts that officials at FCI Otisville improperly denied him an opportunity to participate in a Bureau of Prisons ("BOP") drug treatment program in which the Honorable Dickinson R. Debevoise, in the District of New Jersey, had suggested he be placed.  Judge Debevoise made the suggestion at Mr. Aguirre's sentencing on January 25, 2005, when he imposed a sentence of 48 months imprisonment on Mr. Aguirre for his involvement in drug-related offenses.  Mr. Aguirre requests that the Court reduce the sentence imposed on him by Judge Debevoise in light of his inability to participate in the program, which would have offered Mr. Aguirre the opportunity to be released early from prison pursuant to 18 U.S.C. § 3621.[1]

---

[1]   Although 48 months have passed since the commencement of Mr. Aguirre's prison term, the Petition is not moot, as the sentence imposed by Judge Debevoise included a term of supervised release that has not expired.  See Levine v. Apker, 455 F.3d 71, 77 (2d Cir. 2006).

On January 28, 2008, Magistrate Judge Theodore H. Katz issued a Report and Recommendation (the "Report") in which he recommended that Mr. Aguirre be permitted 21 days to withdraw the Petition and "commence an appropriate proceeding in the District of New Jersey." Judge Katz's election to provide Petitioner the opportunity to withdraw his Petition and re-file a new petition, rather than to characterize *sua sponte* the Petition as a Petition seeking relief from the sentencing court under 28 U.S.C. § 2255, follows the guidance of the Second Circuit, which has cautioned district courts against converting mislabeled applications in light of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") § 106, 28 U.S.C. § 2244, which prohibits second or successive § 2255 applications for the writ without the Circuit Court's permission. See Adams v. United States, 155 F.3d 582 (2d Cir. 1998) (per curiam). (Docket entry no. 3.) Mr. Aguirre objected to the Report, asserting that his Petition was properly brought in the court in the district of his incarceration as it challenges the execution of his sentence rather than the imposition of his sentence. (Docket entry no. 4.)

When reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 2008). The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). The Court has considered thoroughly the record herein, including the Petition, the Report, and Mr. Aguirre's objections. On *de novo* review, the Court concurs with Judge Katz's reasoning and his conclusion that "Petitioner is seeking relief that this Court does not have jurisdiction to grant." Accordingly, the Court adopts the Report in its entirety. It is hereby

ORDERED, that Mr. Aguirre may withdraw his Petition by **Friday, September 25, 2009,** and upon such withdrawal may commence an appropriate proceeding in the District of New

Jersey; and it is further

ORDERED, that if Mr. Aguirre does not timely withdraw his Petition, the action will be dismissed without prejudice, without further advance notice to Petitioner; and it is further

ORDERED, that Mr. Aguirre shall contact the Pro Se Office of the Court in the event he requires procedural assistance to comply with this Order.

SO ORDERED.

Dated: New York, New York
September 3, 2009

LAURA TAYLOR SWAIN
United States District Judge